**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4520

CARLTON WILSON, a/k/a Omar
Wilson,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4646

JEFFREY MATTHIAS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-30)

Submitted: March 14, 2000

Decided: April 25, 2000

Before NIEMEYER and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

No. 99-4520 dismissed and No. 99-4646 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

David J. Damico, LAW OFFICES OF DAVID J. DAMICO, Roanoke, Virginia; Melissa W. Friedman, Roanoke, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlton Wilson and Jeffrey Matthias[1] were convicted pursuant to their guilty pleas of conspiracy to distribute crack cocaine. On appeal, Wilson alleges that the district court erred by enhancing his base offense level for obstruction of justice pursuant to USSG § 3C1.1[2] and by denying his request for a downward departure based on "super acceptance of responsibility." Matthias alleges that he should have been sentenced under the "safety valve" provision found in 18 U.S.C.A. § 3553(f) (West Supp. 1999) and USSG§ 5C1.2.[3] Because we find that Wilson waived his claims in his plea agreement, we dismiss his appeal. Finding no error as to Matthias, we affirm his sentence.

The basic facts of this case are undisputed. Police in Roanoke, Vir-
_____

[1] Matthias claims that his true name is "Clinton Ashley." We will continue to use the name "Matthias" so as to be consistent with court records.

[2] **U.S. Sentencing Guidelines Manual** (1998).

[3] The "safety valve" allows a sentencing court to impose a sentence in accordance with the applicable Guidelines range, regardless of any statutory minimum sentence, if the defendant satisfies five criteria.

2

ginia, received information from an informant that Wilson was going to deliver a large amount of crack cocaine. The officers conducted surveillance and stopped Wilson's vehicle near the delivery site. Matthias was in the front passenger seat of the vehicle and was found to be in possession of approximately 165.67 grams of crack cocaine.

Wilson's plea agreement contained a provision expressly waiving the right to appeal any issues related to the application of the Sentencing Guidelines. A waiver of a criminal defendant's right to appeal contained in a valid plea agreement "is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (internal quotation and citations omitted). The record shows that the district court expressly addressed the waiver provision during the plea colloquy and that Wilson understood the provision and agreed to it. We therefore find that Wilson knowingly and voluntarily waived the issues raised here, and we dismiss his appeal.

At the time of Matthias' plea agreement, the Government stipulated that he qualified for sentencing under the safety valve. However, this was before it was discovered that Matthias had repeatedly provided false information concerning his identity. As a result of Matthias' falsehoods, the district court properly enhanced his base offense level for obstruction of justice.

The purpose of the safety valve is to allow a sentencing court to ignore the statutory minimum sentence if the bottom of the Guidelines range is lower. In the present case, the enhancement for obstruction put Matthias' sentencing range above the statutory minimum. Therefore, by definition, the safety valve did not apply. As a result, we find that the district court properly declined to sentence Matthias under the safety valve, and the Government did not breach the terms of the plea agreement by not making what would have been a frivolous argument in favor of the safety valve.

Accordingly, we dismiss Wilson's appeal. Matthias' sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

No. 99-4520 -- DISMISSED
No. 99-4646 -- AFFIRMED

3